NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUADALUPE GONZALEZ-RODRIGUEZ,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 21-1188<br><br>Agency No. A 200-569-613<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2023[**]
Pasadena, California

Before:  M. SMITH, HAMILTON[***], and COLLINS, Circuit Judges.

Jose Guadalupe Gonzalez-Rodriguez, a citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") upholding the

order of an Immigration Judge ("IJ") denying his application for withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable David Frank Hamilton, United States Circuit Judge for the Seventh Circuit, sitting by designation.

removal and ordering him removed to Mexico.[1] We have jurisdiction under § 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252. We deny the petition.

The BIA concluded that Gonzalez-Rodriguez's brief did not "meaningfully" challenge the IJ's adverse credibility determination, and the Government argues that we therefore should not consider this inadequately exhausted issue. Given that the Supreme Court has now clarified that such a failure to exhaust is not a jurisdictional defect, *see Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1111 (2023), we need not resolve this issue. The IJ alternatively found that, even assuming that Gonzalez-Rodriguez's testimony was credible, his withholding claim failed on multiple grounds, including that his proposed social group of "business owners unable to meet extortion demands" is not cognizable and that he had failed to establish a nexus to any protected ground. The BIA also specifically affirmed the IJ's determinations on these points. We conclude that substantial evidence supports those determinations.

---

[1] The IJ found that Gonzalez-Rodriguez's asylum application was untimely, and the IJ also denied, on the merits, his request for relief under the Convention Against Torture. Gonzalez-Rodriguez did not challenge the denial of asylum in his brief to the BIA, and the BIA therefore did not address that claim. Gonzalez-Rodriguez's opening brief in this court does not challenge either the agency's denial of asylum or its denial of relief under the Convention Against Torture. We therefore deem those issues to be forfeited. *See Escobar Santos v. Garland*, 4 F.4th 762, 764 n.1 (9th Cir. 2021).

1. Gonzalez-Rodriguez contended that he was persecuted for being a member of the group "business owners unable to meet extortion demands."[2] The agency properly concluded that Gonzalez-Rodriguez had failed to show that this proposed social group was cognizable under the standards set forth in our caselaw. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 881–83 (9th Cir. 2021) (holding that proposed social group of "Mexican wealthy business owners who do not comply with extortion attempts" is not cognizable); *see also Ochoa v. Gonzales*, 406 F.3d 1166, 1170–71 (9th Cir. 2005) (reaching a similar conclusion as to a proposed social group of "business owners in Colombia who rejected demands by narco-traffickers to participate in illegal activity"). Gonzalez-Rodriguez presented evidence that extortion against business owners is widespread in Mexico, but that does not establish that Mexican society perceives his proposed group to be "a distinct group." *Macedo Templos*, 987 F.3d at 882. Moreover, Gonzalez-Rodriguez failed to establish that merely being some sort of business owner is "an immutable characteristic" that is "fundamental to an individual's identity." *Id*. at 882–83.

2. Substantial evidence supports the agency's alternative holding that

[2] Before this court, Gonzalez-Rodriguez attempts to change his proposed social group to either "business owners who have experienced extortion" or "former business owners." But this is not the proposed social group that he presented to the agency. He has therefore failed to exhaust that claim before the agency and we decline to consider it.

Gonzalez-Rodriguez failed to show a nexus between his proposed social group and his alleged past or feared persecution. The agency concluded that the "members of the Zeta criminal organization" who extorted him did so simply because he had money and that they had no interest in anything about him "beyond the fact that he may be able to supply money." That was a reasonable reading of the record evidence that we cannot set aside. *See* 8 U.S.C. § 1252(b)(4)(B) (stating that the agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). Based on that finding, the agency properly concluded that Gonzalez-Rodriguez had failed to establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

**PETITION DENIED.**